**Opinion filed May 7, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00322-CR

_____

**ANDRES GUTIERREZ, III, Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 8758**

**O P I N I O N**

This is an appeal from a judgment revoking community supervision. We affirm.

*Procedural Background*

Upon a plea of guilty, the trial court convicted Andres Gutierrez, III of forgery and assessed his punishment at confinement for two years in a state jail facility and a $500 fine. Pursuant to the plea bargain agreement, the trial court suspended the imposition of the confinement portion of the sentence and placed appellant on community supervision for five years.

Appellant was placed on community supervision on November 20, 2003. On December 4, 2003, the State filed its first motion to revoke alleging that appellant had violated the terms and conditions of his community supervision on November 26, 2003, by committing the offenses of

public intoxication and resisting arrest and by failing to remain at his residence as ordered. On January 5, 2004, the trial court modified the terms of appellant's community supervision to require that appellant be placed on the Scurry County Community Supervision and Corrections Department Community Service Work Program for fourteen days and that he stay in the Scurry County Jail during his non-work program hours for the same fourteen days.

On February 18, 2004, the State filed its second motion to revoke alleging that on February 1, 2004, appellant had committed the offense of public intoxication and that appellant had failed to report as ordered, failed as ordered to report that he had moved, failed to remain at his residence as ordered, and failed to appear at a performance review as ordered. On March 4, 2004, the trial court modified the terms and conditions of appellant's community supervision to require that, in lieu of incarceration, appellant participate in the Canyon Reef Treatment Alternatives to Incarceration Program. Appellant was ordered to enter a residential intensive treatment program until successfully discharged and then to continue treatment in an outpatient program until successfully discharged.

On October 26, 2004, the trial court again amended the terms and conditions of appellant's community supervision. The amendments provided that appellant would be committed to the Midland Court Residential Treatment Center for a term of up to twenty-four months and that he would remain incarcerated in the Scurry County Jail during his non-work hours and continue to participate in the Scurry County Community Supervision and Corrections Department Community Service Restitution Program until he was accepted by the Midland Court Residential Treatment Center.

On October 13, 2005, the trial court modified the terms and conditions of appellant's community supervision. This order provided that appellant would immediately be admitted to the Scurry County Jail and the Scurry County Community Supervision and Corrections Department Community Service Work Program and would remain in custody until transportation to a state jail facility was arranged. Appellant was also ordered to serve 120 days in a state jail facility. Upon release from the state jail facility, appellant was ordered to report to the Scurry County Probation Department at 8:00 a.m. on the first working day after his release.

On January 30, 2007, the State filed its final motion to revoke. The State alleged that appellant failed to report as ordered from November 2006 through January 2007; that he failed to

2

make his court-ordered payments from March 2006 through January 2007; that he failed to pay his probation fee as ordered for March 2006, from May 2006 through July 2006, and from September 2006 through January 2007; and that appellant failed to appear in court as ordered on November 16, 2006.

After a hearing on the State's motion to revoke, the trial court found that appellant had violated the terms and conditions of his community supervision and revoked his community supervision. The trial court imposed a sentence of confinement for two years in a state jail facility.

### Issue on Appeal

Appellant's sole issue on appeal is that the trial court abused its discretion when it failed to grant him credit for the time he had served in the Scurry County Jail. At trial, appellant sought credit for the time he served in the county jail as a requirement of his community supervision and for the time he served in a state jail facility as a requirement of his community supervision. The trial court gave appellant credit for time he had served that was not a condition of his community supervision (such as for the time he served in the county jail prior to the hearings on the State's motions) but denied his request for credit for time served as a condition of his community supervision. The trial court also gave him credit for the time he served from October 13, 2005, to February 15, 2006, the time he served in the state jail facility or awaiting transportation to the state jail facility.

Appellant argues on appeal that he was forced to submit to periods of confinement in the Scurry County Jail in violation of TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15(d) (Vernon Supp. 2008). By failing to grant his request for credit for this county jail time, appellant contends that the trial court ratified the error and, therefore, abused its discretion. Appellant bases his argument on his interpretation of TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 12, 15(d) (Vernon Supp. 2008). We disagree with his interpretation.

### Time Line

The record reflects the following:

**September 21, 2003** Appellant committed the offense of forgery.

**November 5, 2003** Appellant arrested and confined in the county jail until his plea hearing on November 20, 2003.

3

| | |
|---|---|
| **November 20, 2003** | The trial court convicts appellant and places him on community supervision. |
| **December, 4, 2003** | State files its first motion to revoke. |
| **December 5, 2003** | Appellant arrested and confined in the county jail. |
| **January 5, 2004** | Trial court modifies terms and conditions of community supervision to include fourteen-day participation in work program and confinement in county jail while not working. |
| **January 18, 2004** | Appellant released from county jail. |
| **February 18, 2004** | State filed second motion to revoke. |
| **February 23, 2004** | Appellant arrested and confined in the county jail. |
| **March 4, 2004** | Trial court modifies the terms and conditions of community supervision to include participation in Canyon Reef Treatment Program. |
| **March 27, 2004** | Appellant released from county jail. |
| **October 26, 2004** | Trial court amended the terms and conditions of community supervision to provide participation in the Midland Court Residential Treatment Center. |
| **October 26, 2004** | Appellant arrested and confined in the county jail. |
| **December 8, 2004** | Appellant released from the county jail. |
| **October 13, 2005** | Trial court modified the terms and conditions of community supervision to include confinement in a state jail facility for 120 days plus immediate admission to county work program and confinement in county jail when not working until such time as appellant would be transported to a state jail facility. |
| **October 13, 2005** | Appellant arrested and placed in county jail. |
| **October 19, 2005** | Appellant released from county jail to state jail facility. |
| **January 30, 2007** | State files its final motion to revoke. |
| **March 7, 2007** | Appellant arrested and placed in county jail. |

**October 9, 2007**     Hearing on State's final motion to revoke.

**October 9, 2007**     Trial court revoked appellant's community supervision and imposed a sentence of confinement for two years in a state jail facility.

In its judgment, the trial court gave appellant credit for the following time served:

November 5, 2003, to November 20, 2003;
December 5, 2003, to January 5, 2004;
February 23, 2004, to March 4, 2004;
October 13, 2005, to February 15, 2006; and
March 7, 2007, to October 9, 2007.

*Applicable Law*

Article 42.12, section 12 provides that the trial court may impose confinement in a county jail as a term of felony community supervision. This section allows the trial court the leeway to impose the confinement in large or small increments so long as the total number of days in the county jail does not exceed a maximum of 180 days.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 15 (Vernon Supp. 2008) details the procedures for state jail community supervision. Article 42.12, section 15(a)(2) provides that, after conviction, the trial court may suspend the imposition of the sentence and place the defendant on community supervision. Article 42.12, section 15(b) states the term of community supervision may be a minimum of two years and a maximum of five years. Article 42.12, section 15(b) also provides that the trial court, under certain circumstances, may extend the term of community supervision to not more than ten years.

Article 42.12, section 15(d) allows the trial court at the beginning of the community supervision to require the defendant to submit to a period of confinement in a state jail facility. Article 42.12, section 15(d) does not allow the trial court to order state jail facility commitment at the beginning of the community supervision in combination with commitment in the county jail under Article 42.12, section 12.

Article 42.12, section 15(e) provides that, if the defendant violates the terms and conditions of his community supervision, the trial court may conduct a hearing and modify the defendant's terms and conditions of community supervision to include confinement in a state jail facility for not more than 180 days and not less than 90 days.

5

Appellant appears to be arguing that, if the trial court orders confinement in a state jail facility as a term and condition of community supervision under Article 42.12, section 15(d), the trial court is prohibited from ordering confinement in the county jail under Article 42.12, section 12 as a term and condition of community supervision. Article 42.12, section 15(d) appears to support his argument. However, as the State points out in its brief, the record reflects not that the trial court ordered his confinement in a state jail facility pursuant to Article 42.12, section 15(d) but, instead, reflects that the trial court ordered the confinement pursuant to Article 42.12, section 15(e).

Appellant was first placed on community supervision in November 2003. The original terms and conditions of his community supervision did not include confinement in either a state jail facility or a county jail. Confinement in the county jail was not added as a term and condition until after the State's first motion to revoke when the trial court modified his community supervision in January 2004. The trial court modified his community supervision to add confinement in a state jail facility in October 2005 after conducting a hearing and finding that appellant had violated the terms and conditions of his community supervision. This is the procedure authorized by Article 42.12, section 15(e).[1]

We agree with the State's position that to read Article 42.12, section 15(d) as barring any and all confinement in the county jail as a term of community supervision means that we must ignore the clear language of Article 42.12, section 15(d)[2] that the trial court "may impose as a condition of community supervision that a defendant submit *at the beginning of the period of community*

---

[1]Article 42.12, section 15(e) provides:

> If a defendant violates a condition of community supervision imposed on the defendant under this article and after a hearing under Section 21 of this article the judge modifies the defendant's community supervision, the judge may impose any sanction permitted by Section 22 of this article, except that if the judge requires a defendant to serve a period of confinement in a state jail felony facility as a modification of the defendant's community supervision, the minimum term of confinement is 90 days and the maximum term of confinement is 180 days.

[2]Article 42.12, section 15(d) reads in full as follows:

> A judge may impose as a condition of community supervision that a defendant submit at the beginning of the period of community supervision to a term of confinement in a state jail felony facility for a term of not less than 90 days or more than 180 days, or a term of not less than 90 days or more than one year if the defendant is convicted of an offense punishable as a state jail felony under Section 481.112, 481.1121, 481.113, or 481.120, Health and Safety Code. A judge may not require a defendant to submit to both the term of confinement authorized by this subsection and a term of confinement under Section 5 or 12 of this article. For the purposes of this subsection, a defendant previously has been convicted of a felony regardless of whether the sentence for the previous conviction was actually imposed or was probated and suspended.

*supervision*" to confinement in a state jail facility (emphasis added). The limiting language in Article 42.12, section 15(d) that the trial court "may not require a defendant to submit to both the term of commitment *authorized by this subsection* and a term of confinement" in the county jail under Article 42.12, section 12 clearly refers to situations where the trial court has ordered confinement in a state jail facility at the beginning of the community supervision term (emphasis added).

We also agree with the State's observation that appellant's interpretation ignores the provisions of TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (Vernon Supp. 2008):

> In all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time that the defendant has spent:
>
> (1) in jail for the case, other than confinement served as a condition of community supervision, from the time of his arrest and confinement until his sentence by the trial court.

The trial court did not abuse its discretion. The issue on appeal is overruled.

### *Holding*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


May 7, 2009

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

7